SCOTT D. CHENEY (6198)
SAMUEL M. HALL (16066)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: scheney@utah.gov
          samhall@utah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON NAEGLE on behalf of S.H.N., a minor child.<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT, a political subdivision, and DR. JAMES BRISCOE an individual.<br><br>　　　　　　　　　　Defendants. | **ANSWER**<br><br>Case No. 2:17cv00023<br><br>Judge Dee Benson |

　　　　Defendants Canyons School District and Superintendent Dr. James Briscoe, by and through counsel, Scott Cheney and Samuel Hall, Assistant Utah Attorneys General, hereby submit this Answer to Plaintiff's Complaint.

## GENERAL ALLEGATIONS

### Parties, Jurisdiction, Venue, & Discovery Tier

1. Defendants admit the allegations made in paragraph 1 of the Complaint.

2. Defendants admit the allegations made in paragraph 2 of the Complaint, and affirmatively assert that Plaintiff S.H.N. is a student enrolled at Jordan High School. Defendants further affirmatively assert that Plaintiff S.H.N. is not a "disabled person" under the Americans with Disabilities Act.

3. Defendants admit the Canyon School District is a political subdivision under the laws of Utah.

4. Defendants admit the allegations made in paragraph 4 of the Complaint.

5. Defendants admit the allegations made in paragraph 5 of the Complaint.

6. Jurisdiction is proper in this U.S. District Court under 28 U.S.C. §1331 and 1441 because Plaintiffs have asserted a federal question cause of action under 42 U.S.C. § 1983.

7. The statute cited speaks for itself. No further response to this allegation is required.

8. The statute cited speaks for itself. No further response to this allegation is required.

9. Defendants assert that venue is proper in this U.S. District Court under 28 U.S.C. § 1391 and 1441.

10. Defendants admit the allegations made in paragraph 10 of the Complaint.

11. The document referenced speaks for itself.

12. The document referenced speaks for itself.

13. Defendants admit the allegations made in paragraph 13 of the Complaint.

14. Defendants deny the allegations made in paragraph 14 of the Complaint and assert that

Utah Rules of Civil Procedure do not apply in this federal lawsuit.

**Purchase and Training of Service Animal**

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of the Complaint, and therefore deny those allegations.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of the Complaint, and therefore deny those allegations.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 17 of the Complaint, and therefore deny those allegations.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of the Complaint, and therefore deny those allegations.

19. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 19 of the Complaint, and therefore deny those allegations.

20. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of the Complaint, and therefore deny those allegations.

21. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 21 of the Complaint, and therefore deny those allegations.

22. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Complaint, and therefore deny those allegations.

23. Defendants admit that Principal Sherwood had a discussion with S.H.N. about the dog before school commenced. Because Principal Sherwood cannot recall the specifics of the conversation, Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 23 of the Complaint and therefore denies the same.

24. Defendants admit that Principal Sherwood had a discussion with S.H.N. about the dog before school commenced. Because Principal Sherwood cannot recall the specifics of the conversation, Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 24 of the Complaint and therefore denies the same.

25. Defendants admit that school began on Wednesday, August 24, 2016 and that S.H.N. brought the dog with her to school. Defendants deny that S.H.N. was "kicked out" or disciplined in any way for bringing the dog to school, and affirmatively assert that S.H.N. was informed that she could no longer bring the dog with her when she attended her classes as the dog was properly excluded from classrooms while school was in session.

**First Request for Reasonable Accommodation**

26. Defendants admit the allegations made in paragraph 26 of the Complaint.

27. The document referenced speaks for itself.

28. The document referenced speaks for itself.

29. Defendants admit the allegations made in paragraph 29 of the Complaint.

30. Defendants admit the allegations made in paragraph 30 of the Complaint, but affirmatively assert that Hazel grace was allowed in classrooms while class was not in session.

31. Defendants admit the allegations made in paragraph 31 of the Complaint.

32. Defendants admit that Plaintiff came to the office of Mr. Harper, who discussed the reasons that the dog was properly excluded from attending classes with S.H.N. Mr. Harper reviewed Utah Code provisions with Ms. Naegle, who refused to listen to the District's position and stormed out of the office declaring that, despite the District's position and explanation, she intended to send the dog to school with S.H.N.

33. Defendants admit the allegations made in paragraph 33 of the Complaint.

34. Defendants admit the allegations made in paragraph 34 of the Complaint.

35. The document referenced speaks for itself.

36. The document referenced speaks for itself.

37. Defendants admit that Plaintiff called the Superintendent on the telephone. Defendants assert that Superintendent Briscoe listened to Plaintiff, then reminded her that she had already been informed by the District's counsel that the dog was properly excluded from

attending class with her daughter. Defendants deny the remaining allegations made in paragraph 37 of the Complaint.

38. Defendants admit that Mrs. Naegle, despite being previously informed by the District's counsel, the Superintendent, and the school's Principal that Hazel Grace was properly excluded from attending classes with her daughter, nonetheless had her daughter bring the dog to school on September 7, 2016. When S.H.N. came to school with the dog, she was again informed the dog could not attend classes, and that her mother should come to school and pick up the dog.

39. Defendants admit that Principal Sherwood spoke with S.H.N. in the doorway of his office and asked her why she had brought the dog to school when she had been informed that the dog could not attend classes with her. Defendants dispute Plaintiff's mischaracterization of the discussion as a "reprimand."

40. Defendants admit that Principal Sherwood asked S.H.N. to identify the specific tasks the dog was purportedly being trained to perform.

41. Defendants admit the allegations made in paragraph 41 of the Complaint but dispute and deny the allegation that Principal Sherwood "mocked" S.H.N.

42. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 42 of the Complaint, and therefore deny those allegations.

43. Defendants deny the allegations made in paragraph 43 of the Complaint, and affirmatively assert that Principal Sherwood told S.H.N. that other scheduling options were available that would allow S.H.N. to spend the school day with the dog. Principal

Sherwood informed S.H.N. that if she continued to defy the District's requests that she leave the dog at home, that the school may have to involve the police in helping to remove the dog from school. Principal Sherwood asked S.H.N. to please not make him do that.  Defendants deny the remaining allegations made in paragraph 43 of the Complaint.

44. Defendants deny the allegations made in paragraph 44 of the Complaint.

45. Defendants deny the allegations made in paragraph 45 of the Complaint. Defendants affirmatively assert that Principal Sherwood informed S.H.N. that she could take some online classes or look into alternative educational settings, which would allow her to spend more time with the dog.

46. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 46 of the Complaint, and therefore deny those allegations.

47. Defendants admit the allegations made in paragraph 47 of the Complaint, but assert that the referenced letter speaks for itself.

48. Defendants admit the allegations made in paragraph 48 of the Complaint, but assert that the referenced letter speaks for itself.

49. Defendants lack specific knowledge as to the particular allegations made in paragraph 49 of the Complaint and therefore deny those allegations as stated therein. Defendants assert, however, that on or around September 8, 2016, Principal Sherwood asked his assistant principals to check to see if there were any dogs attending classes with students because Plaintiff and Plaintiff's counsel continued to insist that the school was allowing other

dogs to attend classes. School administrators did not find or come to know of any other dogs in classes.

50. Defendants deny the allegations made in paragraph 50 of the Complaint with respect to school employees. Defendants are not aware of any District employees "mocking" S.H.N. With respect to students, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 50 of the Complaint and therefore deny the same. Defendants affirmatively assert that S.H.N. has not reported any peer mocking to the school's administrators.

## Administrative Hearing

51. Defendants admit the allegations made in paragraph 51 of the Complaint, and assert that Mr. Christensen is the Chairperson of the Jordan High School Community Council and that participated on the hearing panel in that capacity.

52. Defendants admit the allegations made in paragraph 52 of the Complaint.

53. The document referenced speaks for itself. Defendants further note that the panel sent an email informing Plaintiff of the decision and rationale for the decision.

54. Defendants admit the allegations made in paragraph 54 of the Complaint.

55. The document referenced speaks for itself. Defendants deny, however, Plaintiff's allegation that the District claimed "for the first time" in the September 23, 2016 letter that "even if Hazel Grace were a service animal under Utah Law, they would not be required to permit access to Jordan High classrooms because, '[a] school, particularly classrooms, is not a public facility that is accessible to the general public." Counsel for

the Defendants had clearly articulated this position during the September 13, 2016 hearing.

56. The document referenced speaks for itself.

57. The document referenced speaks for itself.

58. The document referenced speaks for itself.

## Second Request for Reasonable Accommodations

59. Defendants admit that on November 4, 2016, after being heard by and then informed by the school's principal, the District's counsel, the Superintendent, and a three-person hearing panel of the District's position that the dog was properly excluded from attending classes, Plaintiff yet again demanded, through counsel, that the District allow her non-disabled daughter, S.H.N., to bring the dog to class.  In that letter Plaintiff's counsel told the District that despite the District's repeated decision, Plaintiff's and S.H.N. would be bringing the dog to school.  The letter than threatened this lawsuit.  The demand letter, Plaintiff's Exhibit J, speaks for itself.

60. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 60 of the Complaint, and therefore deny those allegations.

61. The document referenced speaks for itself. Defendants deny, however, Plaintiff's mischaracterization of the letter. The letter does not state that the dog was "continuing training as a psychotherapy dog to interrupt impulsive or destructive behaviors" or that any such training pre-dated 10/10/16. Rather, Mr. Brown described Hazel Grace as "a solid candidate to be a service dog."

62. The document referenced speaks for itself.

63. The document referenced speaks for itself.

64. The allegations made in paragraph 64 of the Complaint require no response.

## FIRST CAUSE OF ACTION

### Declaratory Relief – Hazel Grace is a Service Animal under the ADA as defined by Utah Law

65. Defendants incorporate by reference all responses set forth above as if fully set forth herein.

66. The statute referenced speaks for itself.

67. The statute referenced speaks for itself.

68. The statute referenced speaks for itself.

69. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made in paragraph 69 of the Complaint, and therefore deny those allegations.

## SECOND CAUSE OF ACTION

### Injunctive Relief – S.H.N. should be immediately permitted to be accompanied by Hazel Grace in all areas of Jordan High School

70. Defendants incorporate by reference all responses set forth above as if fully set forth herein.

71. The statute referenced speaks for itself.

72. The statute referenced speaks for itself.

## THIRD CAUSE OF ACTION

## 42 U.S.C. Section 1983 – Violation of Civil Rights

73. Defendants incorporate by reference all responses set forth above as if fully set forth herein.

74. Defendants deny the allegations made in paragraph 74 of the Complaint. Plaintiff fails to identify what "civil rights" and whose alleged rights are being violated.

74. (second paragraph so numbered) Defendants admit the allegations made in the second paragraph marked 74 of the Complaint, that Dr. Briscoe is an employee of the District.

75. Defendants deny the allegations made in paragraph 75 of the Complaint.

76. Defendants deny the allegations made in paragraph 76 of the Complaint.

Defendants deny each and every allegation made in Plaintiffs' Complaint that is not expressly admitted in this Answer. Defendants further assert the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

To the extent Plaintiff makes claims against individual District employees in their individual capacity, said employees are entitled to qualified immunity.

### Third Affirmative Defense

This case raises a question with respect to ambiguous language of provisions of Utah statutes. To the extent that the Court is being asked to resolve that ambiguity, this question would be more appropriately reserved for the Utah Legislature.

### Fourth Affirmative Defense

As to Plaintiffs' request for injunctive relief, such claims should be denied because Plaintiffs have not shown irreparable harm.

### Fifth Affirmative Defense

Plaintiff's claims are limited, subject to, and/or barred under the Governmental Immunity Act of Utah, Utah Code Ann. § 63G-7-101 *et seq.*

### Sixth Affirmative Defense

To the extent Plaintiffs seek remedies pursuant to 42 U.S.C. § 1983, such claims fail because Canyons School District is not a "person" suable under that statute.

### Prayer for Relief

**Wherefore**, Defendants respectfully pray that the Court enter judgment dismissing Plaintiffs claims with prejudice, that Defendants take nothing, and that the Court award Defendants costs involved and such other relief as the Court deems just.

### Jury Demand

Defendants request that if any claims raised in this action advance to trial, that all such claims be tried to a jury.

Dated this 1st day of February, 2017.

    Office of the Utah Attorney General
    */s/ Scott D. Cheney*
    SCOTT D. CHENEY
    Assistant Utah Attorney General
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2017, a true and correct copy of the foregoing **ANSWER** was served on the following by electronically filing the same with the court.

Jeremy Miller
Christensen Law
340 E. 400 S.
Salt Lake city, UT 84111
*jrm@ccplawyers.com*

 */s/ Mandi Bartlett*