RACHEL GEORGE TERRY (10769)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: rachelterry@agutah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON NAEGLE on behalf of S.H.N., a minor child.<br><br>Plaintiffs,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT, a political subdivision, and DR. JAMES BRISCOE an individual.<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:17-cv-00023<br><br>Judge Dee Benson |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(c) and DUCivR 7-1(b) Defendants Canyons School District ("District") and Superintendent Dr. James Briscoe, (together "Defendants") by and through counsel, Rachel G. Terry, Assistant Utah Attorney General, hereby submit this Reply Memorandum in further support of Defendants' pending Motion for Judgment on the Pleadings. (Doc. 16).

Despite Plaintiffs' Opposition stating that their pleadings were sufficient to state a claim, this case can and should be decided and dismissed as a matter of law. Plaintiffs have not carried their burden to rebut Defendants' argument that Plaintiffs have failed to plead civil rights claims or assert Dr. Briscoe's personal involvement in the alleged constitutional violations. Therefore, Defendants are entitled to judgment on the pleadings as a matter of law.

## RESPONSE AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF FACTS

In response to Defendants' Motion for Judgment on the Pleadings ("Motion"), Plaintiffs have asserted additional facts outside the pleadings. (*See* Opp. to MJOP, (Doc. 19). Statement of Facts ¶¶ 6-9.). The only "facts" relevant to Defendants' Motion are those alleged in Plaintiffs' Complaint. The allegations contained in Plaintiffs' additional Statement of Facts are outside the scope of the pleadings and should not be considered for purposes of Defendants' Motion.

Moreover, the asserted facts are immaterial because they do not tend to prove or disprove whether Plaintiffs' Complaint states facially plausible federal claims, and are therefore irrelevant, prejudicial, misleading, and confusing.

## ARGUMENT

### PLAINTIFFS FAILED TO STATE AN ACTIONABLE CIVIL RIGHTS CLAIM.

Plaintiffs' Complaint fails to state a plausible claim because it does not reference any particular rights, privileges, or immunities secured by the constitution and laws. Plaintiffs do not allege facts nor name persons affirmatively taking any governmental action that caused a deprivation of S.H.N.'s rights. The factual basis for Plaintiffs' claim is that S.H.N. was not allowed to bring a dog to school for purposes of training it to be a service dog. Plaintiffs have not identified what constitutional or other federal rights were violated by this action. At times, Plaintiffs appear to argue the District's actions violated the ADA – but acknowledge that neither S.H.N. nor her dog fit the parameters of the ADA.

In their Opposition, Plaintiffs attempt to cobble together an equal protection claim, citing to facts asserted in their Motion for Summary Judgment. Plaintiffs argue that these facts show that S.H.N. was denied equal access, her rights to a free public education, and equal protection. These rights were not articulated or sufficiently plead in Plaintiffs' Complaint and it is improper to use a Motion for

Summary Judgment to articulate claims which were not sufficiently plead in a complaint. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1152 (10th Cir. 2005).

Moreover, taken together, the allegations in Plaintiffs' Complaint do not state an actionable civil rights violation. Plaintiffs admit that S.H.N. is not disabled and that the dog she wished to take to school was not a trained service animal. In their Complaint, Plaintiffs allege that other students were allowed to bring in sight dogs in training, "Mr. Sherwood admitted that if Hazel Grace were being trained as a sight dog, she would be permitted without a problem, and that it has been done on many occasions." (Doc. 1). However, Mr. Sherwood is not named as a defendant in this Complaint and Plaintiffs cite to their own Exhibits included in their Motion for Summary Judgment to show that their equal protection claim was well plead. (Doc. 17-1).

### PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BRISCOE.

Under 42 U.S.C. § 1983, government officials are not vicariously liable for their subordinates' misconduct. *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citing *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996) and *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) ("Liability ... must be based upon more than a mere right to control employees."). Supervisors are "only liable for their own involvement in the violation of a person's constitutional

rights." *Id.* In other words, a supervisor "must be personally 'involved in the constitutional violation,' and a 'sufficient causal connection' must exist between the supervisor and the constitutional violation." *Id.* (quoting Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir.2006)). Section 1983 liability is not available under the doctrine of *respondeat superior*. Monell, 436 U.S. 658, 691–92 (1978). Plaintiffs may not rely on Briscoe's job title to establish liability.

Here, the only allegations related to Briscoe in the Complaint are that he refused to talk to Plaintiffs about the policy. (Doc 1 ¶ 37) In their Opposition, Plaintiffs suggest that Briscoe may be personally liable because other employees relied upon the District's policy. (Doc. 19 at 6). These allegations are inadequate to establish Briscoe's liability under § 1983.

Moreover, even if Plaintiffs could establish the requisite elements of a civil rights claim under § 1983, Briscoe would be entitled to qualified immunity from Plaintiffs' § 1983 claims and should be dismissed from this cause of action. As a matter of law, he is entitled to protection under a qualified immunity standard. To defeat qualified immunity, Plaintiffs have the burden to show that 1) Briscoe violated a constitutional right and 2) that the right was "clearly established" so that the defendants would be put on notice that their conduct clearly violated plaintiff's rights. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). Plaintiffs' Opposition does

not satisfy their burden on either of the prongs. Therefore, the Court should dismiss Plaintiffs' Complaint against Briscoe.

## THE DISTRICT IS NOT LIABLE.

It is well established that an institutional defendant cannot be liable under § 1983 for the acts of its employees or agents under a theory of *respondeat superior*, and may not be sued under § 1983 for an injury inflicted by its employees or agents unless the injury occurred in the execution of a government policy or custom. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1997); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiffs failed to show that an official custom or policy of the Canyons School District caused a civil rights violation to occur. Plaintiffs did not bring up the existence of any school district policy until they attached the service animal policy to their Motion for Summary Judgment. (Doc. 17-1). In addition, this policy was not the cause of any deprivation of rights.

Accordingly, the Complaint fails to state a federal claim against the District. The District's policy, although it does not allow for the training of service animals in classrooms, allows for the legitimate use of service animals for those with disabilities and does not lead to the deprivation of federal civil rights. (Doc. 17-1 Ex. 6).

## HAZEL GRACE WAS NOT A "SERVICE ANIMAL" UNDER THE LAW.

Hazel Grace was never a "service animal" under the law, but rather a "service animal in training." S.N.H. was not deprived of her rights of access to Jordan High School because she is a non-disabled student who was allowed to attend her classes as usual, without her service animal in training. (Doc. 17-1, Ex. 4 ¶11). In their Opposition, Plaintiffs state that the issue in this case is not whether Hazel Grace is a service animal, but whether Defendants may prohibit service animals from school buildings and classrooms. (Doc. 19). Defendants disagree with the Plaintiffs' expression of the issue here. The legitimate use of service animals by disabled students and school employees has never been at issue and is allowed under the District's policy. The issue is whether a non-disabled student has a right to train a service animal in school classrooms during school hours.

### A. Federal Law Does Not Extend Rights of Access to Service Animals in Training.

Plaintiffs also state in their Opposition that "UCA § 62A-5b-104(2) should be read through the lens of the ADA which provides a clear statement of intent and backdrop for Utah law." (Doc. 19). However, the ADA does not allow access for service animals in training, but only service animals who have been previously

trained to perform a task for a disabled individual.[1] Federal law does not create rights for non-disabled individuals training service animals and therefore, Defendants are entitled to judgment as a matter of law on the federal civil rights claims.

### B. High School Classrooms are not "Public Facilities" to which the General Public is Invited.

The Utah statute which allows those training service animals access to public facilities states that a person with a disability has equal rights to "all other places of *public accommodation* in the state, and to places … to which the public is invited." U.C.A. 62A-5b-103. The Utah Code does not specifically include school buildings in any definition of "public facility," "public building," or "place of public accommodation" to which the general public is invited. School buildings, and more specifically classrooms, are intended to be more secure than the standard public building and allow limited access to persons other than students.

There is no statutory mandate that a non-disabled high school student be allowed to bring her dog in training to the classroom during the school day. Nor is there any case law clarifying the issue or interpreting the Utah statute. The District,

---

[1] C.F.R. § 36.104. *See also* U.S. Department of Justice, Frequently Asked Questions about Service Animals and the ADA, ADA.gov, https://www.ada.gov/regs2010/service_animal_qa.html (last visited Nov. 14, 2017).

therefore, reasonably interpreted the statute and concluded that there is no statutory requirement to allow S.H.N. to bring a dog to school for training purposes. There is no case law holding otherwise and, in light of the general discretion allowed to school administrators to create and foster a safe and distraction-free learning environment in schools, the District and Jordan High School's decision to keep the classroom learning environment free from the potential distraction of having a puppy in class, was reasonable and appropriate, and did not violate any actionable right of Plaintiffs.

## **CONCLUSION**

For the foregoing reasons and those stated in Defendants' Motion for Judgment on the Pleadings, Defendants are entitled to judgment as a matter of law and the court should dismiss Plaintiffs' Complaint against them.

DATED:  March 21, 2018.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/Rachel George Terry
RACHEL George TERRY
Assistant Utah Attorney General
*Attorney for Defendants*