IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHARON NAEGLE on behalf of S.H.N., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT, a political subdivision, and DR. JAMES BRISCOE, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-23-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion for Judgment on the Pleadings, (Dkt. No. 16,) and Plaintiff's Motion for Summary Judgment. (Dkt. No. 17.) The court held a hearing on the motions on May 1, 2018. Defendants were represented by Rachel Terry and Dan Harper. Plaintiff was represented by Jeremy Miller. At the conclusion of the hearing, the court took the motions under advisement. Now being fully informed, the court issues this Memorandum Decision and Order.

Factual Background

The parties do not dispute the facts relevant to the motions. Plaintiff operates a dog breeding business, Cradle of Love Cavaliers, LLC. (Complaint at ¶ 15.) In May of 2016, Plaintiff purchased Hazel Grace, a Cavalier King Charles Spaniel, with the intention of training her as a service animal to donate to a child with a psychiatric or neurological disability. (*Id.* at ¶ 17.) During the summer of 2016, Plaintiff employed her daughter, Shyler, to be Hazel Grace's full-time handler and trainer. (*Id.* at ¶ 19.) Shyler is not disabled.

On August 24, 2016, Plaintiff sent an email to the principal of Jordan High School, where Shyler was a student, informing him that Shyler intended to bring Hazel Grace to school with her. (*Id.* at ¶¶ 26-28.) Shyler attended school with Hazel Grace for a few days until she was called into the office on August 29, 2016. (*Id.* at ¶ 30.) She was informed that Hazel Grace was not allowed at Jordan High School, per District policy. (*Id.* at ¶¶ 30-31.) The District then provided a letter to Plaintiff, explaining the policy and its decision that Hazel Grace would not be allowed in the classroom as a service animal in training. (*Id.* at ¶¶ 35-36.)

On September 7, 2016, Shyler again attempted to attend classes at Jordan High School with Hazel Grace. (*Id.* at ¶ 38.) The school principal again informed Shyler that Hazel Grace was not permitted in the classroom, and called Plaintiff to come pick up her dog. (*Id.* at ¶¶ 38-39, 43.) That same day, counsel for Plaintiff sent an email to the District, explaining Plaintiff's position that Hazel Grace was a service dog in training and should be permitted to attend classes with Shyler. (*Id.* at ¶ 47.) The following day, on September 8, 2016, the District responded by letter, reaffirming its position that Hazel Grace would not be permitted to attend class with Shyler. (*Id.* at ¶ 48.)

Plaintiff requested additional review, and on September 13, 2016, a 3-person panel of Canyon School District employees and a local businessman held a hearing to review the District's determination. (*Id.* at ¶ 51.) On September 23, 2016, the panel issued a written decision affirming the District's decision not to allow Hazel Grace to attend school with Shyler. (*Id.* at ¶ 54, Exh. I.) The panel reasoned that classrooms are not public facilities within the meaning of Utah Code Section 62A-5b-103, and that Hazel Grace did not meet the definition of a service dog under Utah Code Section 62A-5b-102. (*Id.*)

On November 4, 2016, a dog trainer submitted a letter to the District on behalf of Plaintiff, again requesting that Hazel Grace be permitted to attend class with Shyler. (*Id.* at ¶¶ 60-62.) The District reaffirmed its previous determination that Hazel Grace would not be allowed to attend Jordan High School by letter on November 14, 2016. (*Id.* at ¶ 63.)

Plaintiff filed this action in state court on November 22, 2016. (*See id.*) Defendants filed their notice of removal to this court on January 9, 2017. (Dkt. No. 2.) In her Complaint, Plaintiff seeks a declaration that Hazel Grace is a service animal under the ADA as defined by Utah Law (First Cause of Action); an injunction allowing Hazel Grace to accompany Shyler in all areas of Jordan High School (Second Cause of Action); and injunctive relief and attorney's fees pursuant to 42 U.S.C. § 1983 (Third Cause of Action). (*Id.*)

Sometime after filing the Complaint, Plaintiff moved outside the boundaries of Jordan High School. (Dkt. No. 17-1, Exh. 8 at ¶ 53.) Shyler now attends Corner Canyon High School in the Canyons School District. (Dkt. No. 17-1, Exh. 4 at ¶ 4.) Hazel Grace has been retired as a service dog in training. (Dkt. No. 17-1, Exh. 8 at ¶ 54.)

## Discussion

*Sufficiency of the Pleadings*

First, the court must determine whether Plaintiff's complaint states facially plausible federal claims. *See Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). "A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). Dismissal under this standard is appropriate "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.* (quoting *Jacobs,*

*Visconsi & Jacobs Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991)). The court must accept all well-pleaded allegations in the complaint as true and "construe them in the light most favorable to the plaintiff." *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991).

Plaintiff's third cause of action alleges a violation of civil rights pursuant to 18 U.S.C. § 1983. In support of that theory, Plaintiff alleges generally that "Defendants, by excluding the training of Plaintiff's service animal in Jordan High School deprives the Plaintiff her civil rights." (Compl. at ¶ 74.) Plaintiff does not provide any information about what those civil rights might be. The only factual allegation that could reasonably be construed as an allegation in support of Plaintiff's §1983 claim states: "Mr. Sherwood admitted that if Hazel Grace were being trained as a sight dog, she would be permitted without a problem, and that it has been done on many occasions." (*Id.* at ¶ 44.) This factual allegation, combined with Plaintiff's assertion that her "civil rights" were violated is insufficient to satisfy the plausible pleading requirement.

In her Motion for Summary Judgment, Plaintiff, for the first time, raised a Fourteenth Amendment Equal Protection claim, asserting that Shyler and Hazel Grace were treated differently from similarly situated handlers and dogs. (Dkt. No. 17.) Plaintiff submitted an affidavit from another high school student who had been allowed to attend class on a few occasions with a sight dog as evidence in support of her claim. (Dkt. No. 17-1, Exh. 9.) Plaintiff did not include an Equal Protection cause of action in her Complaint, and has not filed a motion to amend her Complaint. Even if she were to request leave to amend, such a request would be untimely, and Plaintiff's new facts do not persuade the court that amendment would not be futile. Plaintiff failed to state a facially plausible federal claim. Accordingly, Plaintiff's third cause of action is dismissed.

*Mootness*

Plaintiff's remaining causes of action each seek injunctive relief pursuant to Utah law and the ADA. Specifically, Plaintiff's Prayer for Relief with respect to the first cause of action is "that the Court enter declaratory judgment that Hazel Grace is a service animal under Utah Law and the ADA." (Compl. at Prayer for Relief ¶ 1.) For the second cause of action, Plaintiff requests "that the Court issue injunctive relief permitting S.H.N. to be accompanied by and train her service animal in Jordan High School and an award of attorney's fees for bringing this action." (*Id.* at ¶ 2.) Plaintiff also included a general Prayer for Relief that "the Court award Plaintiff any further and proper relief available in law and equity" as to all causes of action. (*Id.* at ¶ 4.)

An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523, 1528 (2013) (quotations and citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell–Ewald Co. v. Gomez,* 136 S.Ct. 663, 669 (2016) (quotation omitted).

In her Complaint, Plaintiff seeks specific injunctive relief with respect to Shyler's attendance at Jordan High School with Hazel Grace. Shyler is no longer attending Jordan High School and Hazel Grace has been retired as a service animal in training. The court is unable to grant the relief requested by Plaintiff, due to intervening circumstances. A ruling from the court would have no "effect in the real world." *Wyoming v. U.S. Dep't of Agric.,* 414 F.3d 1207, 1212

(10th Cir.2005). Accordingly, Plaintiff's requests for injunctive relief—her first and second causes of action—are moot.

*Utah Law and the ADA*

Even if Plaintiff's claims for injunctive relief pursuant to the ADA and Utah law are not moot, and even construing the pleadings and facts in the light most favorable to Plaintiff, they nevertheless fail. Utah law provides that "[a] person who is not a person with a disability has the right to be accompanied by an animal that is in training to become a service animal" in a variety of private and public locations, including "sidewalks, walkways, public buildings, public facilities, and other public areas" and "hotels, motels, lodges, and all other places of public accommodation in this state, and to places of amusement or resort to which the public is invited." Utah Code § 62A-5b-104(2); 103. A "service animal" in training includes an animal that is in training to "perform tasks for the benefit of an individual with a disability", including "helping an individual with a psychiatric or neurological disability by preventing or interrupting impulsive or destructive behaviors." Utah Code § 62A-5b-102(3)(a). A "service animal" does not include an animal "used solely to provide" "emotional support", "well-being", "comfort", or "companionship." Utah Code § 62A-5b-102(3)(b).

Even assuming that Hazel Grace[1] qualifies as a service animal in training within the meaning of the Utah statute, Utah law does not require a school district to allow a service animal in training accompanied by a non-disabled student into a high school classroom. Under the ADA, permitting a service animal to accompany a disabled student to class may be required as a

---

[1] In her summary judgment motion, Plaintiff requests that the Court issue a ruling with respect to "any dog that the Plaintiff may choose to train" instead of Hazel Grace, as she has been retired as a service animal in training. (Dkt. No. 17 at 3, footnote 2.) This ruling applies with equal force to any animal proposed by Plaintiff as a service animal in training.

6

reasonable accommodation of that student's disability. *See* 28 C.F.R. § 35.136. The Utah statute does not extend the ADA accommodation requirement to non-disabled students. It merely states that service animals, and service animals in training, must be allowed into public places, including "sidewalks, walkways, public buildings, public facilities, and other public areas" and "hotels, motels, lodges, and all other places of public accommodation in this state, and to places of amusement or resort to which the public is invited." Utah Code § 62A-5b-104(2); 103.

The plain language of the Utah statute cannot be read to require accommodations to non-disabled individuals with service animals in training to the same extent required for disabled individuals with service animals under the ADA. And, as Defendants' counsel stated at oral argument, such a reading would yield absurd results, transforming the classroom into a "literal zoo." The Utah state legislature could not have intended such a result. The public places identified in the Utah statute do not include a classroom, and the statute does not indicate that it intends to extend disability accommodations under the ADA to non-disabled handlers of service dogs in training. Defendants were not required to accommodate Shyler, a non-disabled student, by allowing her to bring a service animal in training into her high school classes. Accordingly, Plaintiff's first and second causes of action are dismissed.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED and Defendants' Motion for Judgment on the Pleadings is hereby GRANTED.

DATED this 23rd day of May, 2018.

BY THE COURT:

*Dee Benson*
Dee Benson
United States District Judge